Filed 3/29/24  P. v. Cooper CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERRICK ANTOINE COOPER,<br><br>    Defendant and Appellant. | A168877<br><br>(Contra Costa County<br>Super. Ct. No. 05-131866-6) |

This is the fifth appeal arising from defendant Derrick Antoine Cooper's 2014 conviction of first degree murder (Pen. Code,[1] § 187), which this court affirmed in 2017.  (*People v. Cooper* (Dec. 5, 2017, A143556) [nonpub. opn.] (*Cooper I*).)  Cooper now appeals an order denying his petition for resentencing under section 1172.6.[2]  Appointed appellate counsel

---

[1] All statutory references are to the Penal Code.

[2] At the time of the proceedings below, the provision was codified as section 1170.95.  The Legislature renumbered the provision in 2022 without substantive change as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  All references in this opinion are to the current section number.

filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Cooper filed a supplemental brief.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

*Cooper I* set forth the pertinent facts regarding the murder of Lincoln Plair, who was killed by Cooper and his codefendants Antwone Johnson and James Green.  (*Cooper I*, *supra*, A143556.)  Cooper and his codefendants, who belonged to a street gang, killed Plair based on their mistaken assumption that he belonged to a rival gang.  (*Cooper I*, *supra*, A143556.)

The two-count information charged each defendant with murder (§ 187) and participation in a criminal street gang (§ 182.5).  It also alleged two enhancements as to each defendant: (1) that he committed murder to benefit a gang (§ 186.22, subd. (b)(1)); and (2) that he, as a principal, personally used and intentionally and personally fired a gun in a way that caused death (§ 12022.53, subds. (b)–(d), (e)(1)[3]).

A jury found Cooper guilty of both counts, and found true the allegations that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal in the murder personally discharged a firearm, causing great bodily injury and death to Plair (§ 12022.53, subd. (e)(1)).  (*Cooper I*, *supra*,

---

[3] Under section 12022.53, subdivision (e)(1), a defendant can be vicariously subject to a firearm enhancement even if he did not himself commit an act triggering the provisions in subdivisions (b), (c), or (d), if he was a principal in a crime and violated the gang statute (§ 186.22, subd. (b)), and any principal in the crime used a gun in violation of subdivisions (b) through (d).

A143556.)  The jury found not true the allegation that Cooper personally used and intentionally and personally discharged the firearm (§ 12022.53, subds. (b), (c), (d)).  (*Cooper I, supra,* A143556.)

The court sentenced Cooper to a prison term of 25 years to life on the murder count and a consecutive term of 25 years to life on the vicarious firearm enhancement (§ 12022.53, subd. (e)(1)) attached to that count.  The court imposed a 10-year term on the gang enhancement to the murder charge (§ 186.22, subd. (b)(1)) and a sentence of 25 years to life on count two (participation in a criminal street gang), both of which it stayed under section 654.

In *Cooper I,* this court affirmed the convictions but remanded to the trial court for "limited purposes" that included determining whether to exercise its newly conferred discretion to strike the vicarious firearm enhancement.  (*Cooper I, supra,* A143556.)  On remand, the court denied the request to strike the enhancement, and Cooper filed an appeal from the denial. (*People v. Cooper* (Oct. 15, 2020, A158253) [nonpub. opn.] (*Cooper II*).)

In *Cooper II,* we affirmed the trial court's order declining to strike the vicarious firearm enhancement.  (*Cooper II, supra,* A158253.)

While the appeal in *Cooper II* was pending, Cooper filed a petition for relief pursuant to section 1172.6, which the trial court denied.  (*People v. Cooper* (Mar. 16, 2021, A160515) [nonpub. opn.] (*Cooper III*).)  The trial court found that Cooper had not made a prima facie showing that his case fell within section

1172.6, and Cooper filed an appeal from that order. (*Cooper III, supra*, A160515.)

This court issued an opinion holding that the trial court's order denying Cooper's section 1172.6 petition had to be vacated because the trial court lacked jurisdiction to rule on that petition while the *Cooper II* appeal was pending. (*Cooper III, supra*, A160515.)

On remand from *Cooper III*, Cooper filed a new section 1172.6 petition. (*People v. Cooper* (Sept. 20, 2022, A164299) [nonpub. opn.] (*Cooper IV*).) The trial court appointed counsel and obtained briefing but did not issue an order to show cause or hold an evidentiary hearing. (*Cooper IV, supra*, A164299.) After hearing argument, the judge who had presided at Cooper's trial denied the petition, and Cooper again appealed. (*Cooper IV, supra*, A164299.)

Cooper's appointed appellate counsel filed a "*Wende*-like" brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and Cooper submitted two supplemental briefs. (*Cooper IV, supra*, A164299.) This court obtained augmentation of the record to include the jury instructions from Cooper's trial and completed a discretionary, independent review of the record on appeal. (*Cooper IV, supra*, A164299.) Our review of the record "revealed no flaw in the trial court's analysis or arguable issue that warrants further briefing." (*Cooper IV, supra*, A164299.) Because none of the arguments Cooper raised in his supplemental briefs supported reversal or showed that his murder conviction could not be sustained under current law, we

4

affirmed the order denying Cooper's section 1172.6 petition. (*Cooper IV*, *supra*, A164299.)

In July 2023, Cooper filed another petition pursuant to section 1172.6. The prosecutor filed a brief arguing that Cooper's "latest filing seeks to litigate issues which were raised and rejected previously, and which have already been addressed by the appellate court." The prosecutor further explained that its objection was based "both on the merits (i.e., lack of prima facie showing) and on res judicata." (Italics omitted.)

At a hearing on September 12, 2023, the court summarily denied Cooper's section 1172.6 petition. The court issued a written order the same day, stating that Cooper was "not entitled to another petition, as his first petition was heard, and there have been no changes to the law which would entitle him to another petition." The trial court further noted that "even if [it] were to consider another petition, the Court of Appeal ha[d] already ruled that he is not entitled to resentencing, and that ruling is binding on this court." Cooper timely filed a notice of appeal.

## DISCUSSION

Cooper's appointed counsel filed a brief with this court pursuant to *People v. Delgadillo*, *supra*, 14 Cal.5th 216, stating that upon a thorough review of the case record, counsel found no arguable issues. Cooper filed a handwritten supplemental brief, which is difficult to follow, but appears to challenge his

5

convictions and the vicarious firearm enhancement (§ 12022.53, subd. (e)(1)).[4]

Petitions for resentencing pursuant to section 1172.6 are reserved for persons "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) As we have previously stated, this case involved neither felony murder nor the natural and probable consequences doctrine. (*Cooper IV*, *supra*, A164299.) Instead, Cooper "was a direct accomplice in a first degree deliberate and premeditated murder," and the jury found that he acted with malice. (*Cooper IV*, *supra*, A164299.)

Cooper's supplemental brief raises the same issues reviewed by this court in his last appeal. (See *Cooper IV*, *supra*, A164299.) These issues were addressed at length in *Cooper IV*, and Cooper cites no authority entitling him to relitigate a section 1172.6 petition when one was previously denied on the merits. Even if we were to consider the substance of Cooper's supplemental brief, nothing in it persuades us that the trial court erred, or that we erred in finding that his murder conviction

---

[4] To the extent Cooper intends to challenge his convictions or sentence on the grounds of ineffective assistance of counsel or actual innocence, such arguments would be more appropriately brought, if at all, in a habeas petition rather than on an appeal after the denial of a section 1172.6 petition. To be clear, we express no opinion on whether a habeas petition by Cooper would be either timely or successful; we note only that Cooper's brief references to ineffective assistance and actual innocence have no bearing on his appeal founded upon section 1172.6.

could still be sustained under current law.  (*Cooper IV, supra,* A164299.)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
SMILEY, J.*

*People v. Cooper*  (A168877)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7